UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER EUGENE BARTON, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV425-174 |
| BRYAN COUNTY SHERIFF'S DEPARTMENT, | ) ) ) ) | |
| Defendant. | ) | |

# ORDER

*Pro se* plaintiff Christopher Eugene Barton filed this 42 U.S.C. § 1983 case alleging that he was unjustly subjected to disciplinary restrictions by unidentified staff at the Bryan County Sheriff's Office. *See generally* doc. 1. The Court granted him leave to proceed *in forma pauperis* and directed him to return several forms. Doc. 4. He has returned the forms. Docs. 7 & 8. The Court, therefore, proceeds to screen his Complaint. *See* 28 U.S.C. § 1915A. As explained below, Barton's Complaint fails to state a claim upon which relief can be granted, and does not appear amendable.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't*

*of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Barton alleges that, on July 22, 2025, he was concerned that several other inmates did not respond when his dorm's lights were dimmed to indicate "lock down." Doc. 1 at 5. Barton was concerned because their failure to respond could result in "the unit[']s loss of privileges." *Id*. After confronting the other inmates, Barton alleges that one of them attacked him. *Id*. Barton returned to his cell and was locked down for the night. *Id*. In the morning, he was not allowed out of his cell and was informed that his restriction was the result of the altercation. *Id*. He alleges that the other inmate was not disciplined because he was considered the instigator. *Id*. at 5-6. He alleges that he now "fear[s] for [his] own physical safety." *Id*.

## I. Improper Defendant

The first problem with Barton's Complaint is that it fails to name any defendant who is subject to suit. The only defendant identified is the Bryan County Sheriff's Department, as an entity. *See* doc. 1 at 1, 4. In Georgia sheriffs' departments are not proper parties to a § 1983 lawsuit because they are not legal entities capable of being sued. *See, e.g.*, *Wooten v. Bohannon*, 2021 WL 5751440, at *2 (S.D. Ga. Nov. 10, 2021) (citing *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995)) (recommending dismissal of claims against county sheriff's department because department was "not a 'person' subject to suit under § 1983"), *adopted* 2021 WL 5746004 (S.D. Ga. Dec. 2, 2021). Accordingly, all claims against the Bryan County Sheriff's Office must be **DISMISSED**. However, as explained below, even if Barton could identify a proper defendant, the facts alleged do not implicate any viable claim.

## II. Failure to Protect

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotes and cites omitted). However, "[p]rison officials must have been deliberately indifferent to a known danger before we can say that

their failure to intervene offended 'evolving standards of decency,' thereby rising to the level of a constitutional tort." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).  The Eleventh Circuit has recently clarified that, to establish subjective recklessness, the plaintiff must show "that the defendant was actually subjectively aware that his own conduct," whether action or inaction, "caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). Moreover, in the context of a failure-to-protect claim, the threat must rise to the level of "a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference." *Brown*, 894 F.2d at 1537 (internal quotation marks and citation omitted). Generalized "risk" of altercations between prisoners is not sufficient.  As this Court has observed: "Prisons are dangerous places because they are filled with people society has already deemed too dangerous to live amongst law abiding persons.  Prisoners will always be at some risk of harm simply by being surrounded by these people. [Cit.]  In order to trigger a failure-to-protect claim, a plaintiff must allege that the threat

4

rose above the background danger." *Goodson v. Benton*, 2020 WL 975089, at *2 (S.D. Ga. Jan. 16, 2020) (citations omitted).

Barton fails to allege any failure-to-protect claim. There is no indication that the individual with whom he argued had ever posed a threat before or, even if there were some prior indication, that any jail staff were aware of it. Instead, it appears that the fight, which incidentally appears to have resulted in no significant injuries to either party, was a spontaneous occurrence. As such, the facts alleged simply do not support a failure to protect claim against any possible defendant.

### III. Prison Discipline

Barton's allegations concerning the slightly more restrictive conditions of confinement, *i.e.*, "lock down," he was subjected to after the fight also do not implicate any plausible claim. The Due Process Clause "does not directly protect an inmate from changes in the conditions of his confinement" or create a constitutionally protected interest "'in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.'" *Chandler v. Baird*, 926 F.2d 1057, 1060 (11th Cir. 1991) (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)). Generally, "[w]hen an inmate is placed in conditions more

restrictive than those in the general prison population, whether through protective segregation . . . or discretionary administrative segregation, his liberty is affected only if the more restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time." *Earl v. Racine Cty. Jail*, 718 F.3d 689, 691 (7th Cir. 2013) (per curiam).  Thus, to state a due process claim, a prisoner must allege more than just confinement in segregation without due process.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The prisoner must also show that the nature of his confinement (i.e., the conditions or duration) gives rise to a protected liberty interest and otherwise entitles him to some measure of due process.  *See id*. at 486-87.  Barton's restriction to his cell for an undisclosed period of time[1] is simply not sufficiently restrictive to support any claim.

Finally, Barton's suggestion that the jail's policy of "group removal of privileges" to encourage inmates to follow the rules somehow amounts to "an extremely dangerous practice," is also insufficient to allege an

---

[1] Barton's Complaint alleges that he was "locked down" the day after the incident, *i.e.,* on July 23, 2025. *See* doc. 1 at 5. The Complaint was also signed on July 23. *See id.* at 7.  Thus, although it is not clear how long Barton might have been subjected to "lock down," it could not have even been twenty-four hours at the time he filed his Complaint.

objectively serious condition. Courts have considered whether such "group punishment" policies violate any constitutional right and concluded that they do not. *See, e.g., Jones v. Foster*, 2011 WL 4088516, at *11 (W.D. Ark. Aug. 22, 2011). To the extent, therefore, that he could identify a defendant responsible for the disputed policy, he could not state any claim arising from it.

For the reasons explained above, Barton's Complaint fails to name a proper defendant and is, therefore, **DISMISSED**. Doc. 1. Although *pro se* parties are often entitled to an opportunity to amend their complaints before dismissal, Barton's claims do not appear amendable. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal.").

Finally, the Court must assess Barton's filing fee. *See* 28 U.S.C. § 1915(b). Barton's Prisoner Trust Fund Account Statement indicates that the average monthly deposits to and balance in his prison trust account were $54.50 in the six months prior to the Complaint. Doc. 8 at 1. He, therefore, owes a $10.90 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," based

upon average deposits to or balance in a prisoner's account, under a specific 20 percent formula).  His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.  In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

    **SO ORDERED**, this 14th day of August, 2025.

                                                      CHRISTOPHER L. RAY
                                                      UNITED STATES MAGISTRATE JUDGE
                                                      SOUTHERN DISTRICT OF GEORGIA